UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN METZGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-6071 |
| v. ) | |
| ) | Judge John W. Darrah |
| SLEEVECO, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Brian Metzger, brought this action against Defendant, SleeveCo, Inc., alleging breach of contract and unjust enrichment. Presently pending before the Court is Defendant's Motion to Transfer Venue to the United States District Court for the Northern District of Georgia. For the reasons stated below, the motion is denied.

## BACKGROUND

The following facts are taken from affidavits and other documentary evidence submitted in connection with Defendant's Motion to Dismiss, as well as the allegations in the Complaint. On June 14, 2004, Plaintiff, an Illinois resident, entered into an Employment Agreement ("Agreement") with Defendant, a packaging company headquartered in Dawsonville, Georgia. The Agreement provided that Plaintiff would serve as Defendant's Director of Business Management and that he would be assigned to Defendant's "Midwest Territory," which consisted of Illinois, Iowa, Kansas, Minnesota, Missouri, Nebraska, North Dakota, South Dakota, and Wisconsin. The Agreement further provided that Plaintiff's residence in the Chicago area would serve as his office.

Defendant terminated Plaintiff's employment on August 20, 2009. Under the Agreement, if Plaintiff was terminated for any reason, the Defendant had to pay "a severance amount equal to [Plaintiff's] existing salary in one lump sum within 30 days of the termination." Plaintiff alleges that upon termination, he demanded payment in full of his base salary and commissions owed under the Agreement.[1] Defendant refused the demand.

On September 29, 2009, Plaintiff brought this suit, alleging that Defendant breached the Agreement and unjustly enriched itself by failing to pay all amounts due under the Agreement. Defendant answered the Complaint and filed a Motion to Transfer this matter to the Northern District of Georgia.

## LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court must consider a variety of statutory factors in light of all the circumstances on a case-by-case basis. *See Coffey v. Van Dorn Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*). The movant bears the burden of establishing that the transferee forum is clearly more convenient, and the final

---

[1] On November 25, 2009, Plaintiff filed a Motion to Enforce Partial Settlement Agreement, asserting that Defendant reneged on an agreement to settle a portion of Plaintiff's claims the day before the Complaint was filed. Both parties discuss the situs of these settlement negotiations in their briefs supporting and opposing the instant Motion. Although Plaintiff's Complaint does not allege breach of a settlement agreement, where relevant, this may be considered regarding the instant motion; the factors set out in 28 U.S.C. § 1404(a) suggest "a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey v. Van Dorn Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986).

decision lies in the sound discretion of the trial judge. *Id.* The court may consider facts presented by way of "affidavit, deposition, stipulation, or other relevant documents."[2] *Allstate Ins. Co. v. Mathison*, No. 02 C 418, 2002 WL 1396951, at *5 (N.D. Ill. June 26, 2002) (quoting *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983)).

## ANALYSIS

A party seeking transfer must show that (1) venue is proper in both the transferor and the transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. 28 U.S.C. § 1404(a); *Coffey*, 796 F.2d at 219.

### *Venue in the Transferor and Transferee Courts*

The first requirement is not in dispute. Both parties agree that venue and jurisdiction are proper in the Northern District of Illinois (the transferor court) and the Northern District of Georgia (the transferee court). (*See* Def. Reply Br. 3.)

### *Convenience of the Parties and Witnesses*

In evaluating the convenience of the parties and of the witnesses, courts in this district consider five convenience factors: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties litigating in the

---

[2] In support of its Motion, Defendant submitted the Employment Agreement at issue and a declaration of Defendant's President, Martin Wilson. Plaintiff submitted his own affidavit, excerpts from Defendant's website, correspondence regarding settlement discussions, and both parties' initial disclosures.

3

respective forum. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999) (*Brandon Apparel*).

A plaintiff's choice of forum is generally given substantial weight, particularly when the chosen forum is the plaintiff's home forum. *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007). Here, Plaintiff is an Arlington Heights resident who has brought suit in his home forum, the Northern District of Illinois. Although that choice should be given substantial deference, it is not dispositive. A plaintiff's choice of forum is entitled to less weight when the forum lacks any significant contact with the plaintiff's underlying cause of action. *Envtl. Serv., Inc. v. Bell Lumber & Pole Co.*, 607 F. Supp. 851, 853 (N.D. Ill. 1984). Defendant asserts that Illinois has "little relation to this matter other than that Metzger lives here." As discussed below, Defendant understates the connection of this action to this forum. Ultimately, this factor weighs against transfer.

As to the situs-of-material-events factor, events happened in both the Northern District of Illinois and the Northern District of Georgia. This case concerns a dispute over a contract, which was negotiated and performed in multiple states. The terms of the Agreement were reached via email and telephone, with Plaintiff's communicating from Illinois and Defendant's communicating from Georgia. Defendant allegedly failed to perform its obligations under the Agreement (i.e., submit payments) from its office in Georgia, but obligations for which Plaintiff alleges payment was due were performed from Plaintiff's office in Illinois. At best, this factor is neutral.

The sources-of-proof factor carries very little weight in the present case. Defendant alleges that all of their corporate documents are in Georgia. Plaintiff argues that all of his documents are in Illinois. Neither party has asserted that there is such a substantial volume of documents relevant to this case to impose a substantial burden of production in either venue, and Defendant has failed to demonstrate how production of these documents in Illinois would cause hardship. Documents now are easily scanned, stored, and electronically transmitted; moving documents no longer creates the onerous burden it may once have imposed. *See Lancelot Investors Fund v. TSM Holdings*, No. 07 C 4023, 2007 U.S. Dist. LEXIS 78881, at *13 (N.D. Ill. Oct. 24, 2007) (denying motion to transfer where "easily transferable paperwork will make up the bulk of the non-testimonial evidence in this matter and plaintiff has shown that some evidence will be found in the Chicago area"). This factor does not weigh in favor of transfer.

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin Publ'g Co. v. LRP Publ'n, Inc.*, 992 F. Supp. 1014, 1018 (N.D. Ill. 1998) (*Law Bulletin*). But a defendant will not be granted a transfer merely because he presents a list of witnesses and asserts that the present venue is inconvenient for them. *Id.* at 1018. A court must consider not only the number of witnesses located in each forum but also the nature and importance of their testimony when evaluating this factor. *Rohde v. C. R.R. of Ind.*, 951 F. Supp. 746, 748 (N.D. Ill. 1997). The party requesting the transfer has the burden of demonstrating "who its witnesses are, the nature of their testimony, and how important

5

that testimony will be to the case." *Cent. States, Se. & Sw. Area Pension Fund v. Salusnek*, 977 F. Supp. 888, 891 (N.D. Ill. 1997).

As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily, and more attention should be given to the location of non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002). Here, seven of the eight individuals named in Plaintiff's and Defendant's Rule 26(a)(1) Disclosures are associated with Defendant and can only be reached through Defendant's counsel; the remaining potential witness is Plaintiff, himself. (*See* Exs. E & F to Def. Mem. in Support of Mot. to Transfer.) And three of the potential witnesses (including Plaintiff) live and/or work in Illinois. Indeed, Defendant has not identified any witness who is outside of Defendant's control or outside of the subpoena power of this Court. Defendant has also failed to persuasively demonstrate that the testimony of the remaining five individuals who purportedly reside in the Northern District of Georgia would contribute to their defense. By Defendant's own admission, many of those witnesses possess the same knowledge and information of material events. Moreover, Defendant has not demonstrated why all five individuals would necessarily appear at trial.

In considering the convenience of the litigants, the parties' respective residences and their ability to bear the expenses of litigation in a particular forum are relevant inquiries. *Brandon Apparel*, 42 F. Supp. 2d at 834. A case should not be transferred if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Id.* Defendant argues that while Plaintiff would incur the cost of traveling to

Georgia if the case were transferred there, Defendant will bear the cost of key executives' and employees' traveling to Illinois and that Defendant's operations would be hampered by their absence if the case remains here. Although Defendant's concern may be legitimate, the Court cannot disregard the potential cost to Plaintiff – an unemployed individual – by litigating in Georgia. Defendant is a national company that conducts business in this district and employs a Vice President of Sales who resides in this district. Considering all factors, the convenience of the parties and witnesses are best served by keeping this action in the Northern District of Illinois.

*Interest of Justice*

The final requirement to be addressed when deciding whether to grant a motion to transfer venue is whether the transfer would be in the interest of justice. In this analysis, factors considered embrace traditional notions of judicial economy and focus on the speed at which cases proceed to trial and the courts' familiarity with applicable law and desire to resolve controversies in their locales. *TIGS Ins., Co. v. Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996).

This case is currently scheduled for trial in the Northern District of Illinois on August 23, 2010. According to statistics for the Northern District of Georgia, the median time between filing and trial of civil actions is 30.5 months, compared to 27.5 months in the Northern District of Illinois. Thus, if this case were transferred to the Northern District of Georgia, trial might indeed be delayed. Although the delay might not be substantial, this factor weighs against transfer.

The courts' familiarity with relevant law does not present a significant issue in this case. Although the parties disagree as to which law will be applied in the present suit, neither party characterizes this action as anything other than a straightforward breach-of-contract suit. The elements necessary to state a cause of action are the same in Illinois and Georgia. *Compare Werner v. Botti, Marinaccio & DeSalvo*, 563 N.E. 2d 1147 (Ill. App. Ct. 1990), *with Kuritizky v. Emory Univ.*, 669 S.E. 2d 179, 181 (Ga. Ct. App. 2008). So even though a court in a diversity action must "apply the law of the forum state, including the choice of law rules," *Sanders v. Franklin*, 25 F. Supp. 2d 855, 858 (N.D. Ill. 1998), Defendant has presented no reason why this Court would not be capable of applying Georgia law if that law is found to apply. Indeed, "[f]ederal courts are often called upon to decide substantive legal questions based on the laws of various states." *Brandon Apparel*, 42 F. Supp. 2d at 835. And a court's "familiarity with applicable law" is less of a factor when a defendant "does not contend that the contract is so unique as to be beyond the bounds of this court's ability."
*R.R. Donnelley & Sons Co. v. Hays Int'l Mailing Serv., Inc.*, No. 98 C 8403, 1999 U.S. Dist. LEXIS 6944, at *15 (N.D. Ill. Apr. 22, 1999). This factor does not weigh in favor of transfer.

Finally, Illinois has a strong interest in hearing breach of contract cases involving its residents. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1165 (N.D. Ill. 1995). Plaintiff is an Illinois resident, and portions of the contract were formed and negotiated in Illinois. Defendant's alleged breach is simply the act of not sending money from Georgia to Illinois in exchange for the performance Plaintiff rendered in this district. Although

Georgia also may have an interest in hearing this contractual dispute involving its resident, Defendant has not demonstrated that interest weighs so heavily in favor of transfer that the interests of the forum where this suit originally was filed should be disregarded. Ultimately, the interest of justice favors maintaining this action in Illinois.

## CONCLUSION

Defendant has not demonstrated that the convenience of all parties and witnesses, as well as the interest of justice, clearly requires that this case be transferred to Georgia. Accordingly, Defendant's Motion to Transfer is denied.

Date: 2-12-10

JOHN W. DARRAH
United States District Court Judge